UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - x

MATTEL, INC.,                                :

            Plaintiff,     :

   - against -                         :      07 Civ.

GLOBAL CHINA NETWORKS, LLC              :
AND TERRI GIBSON A/K/A TEARABUE         **07 CV 7418**
S. GIBSON A/K/A TEARANIE
SHARAIL GIBSON,

                     :

           Defendants.
                     :             JUDGE SCHEINDLIN
- - - - - - - - - - - - - - - - - - x

COMPLAINT

      Plaintiff Mattel, Inc. ("Mattel"), for its complaint against defendants Global China Networks and Terri Gibson a/k/a Tearabue S. Gibson a/k/a Tearanie Sharail Gibson (collectively, "Global"), avers:

AUG 21 2007
U.S.D.C. S.D. N.Y.
CASHIERS

### Nature of the Action

    1.  Mattel is bringing this action to enforce its rights in its famous trademark BARBIE against Global's acts of cybersquatting, infringement and dilution with respect to that mark.

### Jurisdiction and Venue

    2.  This Court has subject matter jurisdiction over the first three claims for relief in this action pursuant to 28 U.S.C. § 1331 and § 1338(a) because they arise under the Lanham Act, 15 U.S.C. § 1051 et seq. This

Court has subject matter jurisdiction over the fourth claim in this action pursuant to 28 U.S.C. § 1367 because it is so related to the claims within the original jurisdiction of this Court that they form part of the same case or controversy within the meaning of Article III of the United States Constitution.

3.  Venue is proper in this District pursuant to 28 U.S.C. § 1391.

## Parties

4.  Mattel is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in El Segundo, California. Mattel has an office in this District at 675 Avenue of the Americas, New York, New York. That office consists of approximately 75,000 square feet and employs approximately 170 people.

5.  Upon information and belief, defendant Global China Networks, LLC is a limited liability company organized and existing under the laws of the State of Florida and is the registrant of the second level Internet domain name chinabarbie.com. Upon information and belief, Global China Networks, LLC transacts business in New York and maintains a post office box there. According to the registration information for the domain name

chinabarbie.com, Global China Networks can be reached at P.O. Box 1133, New York, New York 10163.

6. Upon information and belief, defendant Terri Gibson a/k/a Tearabue S. Gibson a/k/a Tearanie Sharail Gibson is an individual residing at 1410 South 24th Court, Hollywood, Florida and is an agent of Global China Networks, LLC.

Background of the Action

7. Mattel is one of the world's most successful, manufacturers of consumer products including toys, games and dolls. Some of Mattel's most successful product lines include BARBIE, HOT WHEELS and FISHER-PRICE.

8. Mattel was founded in 1945 by Elliot and Ruth Handler and Harold "Matt" Mattson. They created the name of the company by incorporating the names of two of its founders, "MATT"-son and "EL"-iot. Originating from the Handlers' garage, Mattel greatly expanded its operations following World War II and began to thrive as its reputation for producing high-quality toys spread. During the next several decades, Mattel became world-famous for producing high-quality toys at reasonable prices.

9. In 1959, Mattel co-founder Ruth Handler

3

created the BARBIE doll, which was named after Elliot and Ruth's daughter, Barbara. The idea for the doll arose after Ruth Handler noticed that her daughter preferred to play with paper cut-outs of adult female fashion dolls rather than the then-popular baby dolls.

10. For the past 40 years, Mattel has sold BARBIE and other dolls in its BARBIE line of dolls in interstate commerce. Mattel introduces new BARBIE products every year. In addition to BARBIE, Mattel markets other dolls as part of its BARBIE doll line, including her sister SKIPPER, best friend MIDGE, cousin JAZZIE, and friends NIKKI, DEVON, CHRISTIE, TERESA, KAYLA, and WHITNEY, JAZZIE's friends DUDE, CHELSIE, and STACIE, and SKIPPER's boyfriend KEVIN, among others.

11. Today, BARBIE dolls are among the most popular toys in existence. Annual sales of BARBIE dolls worldwide currently exceed $1.6 billion. Every second, two BARBIE dolls are sold somewhere in the world, and a typical American girl, age 3 through 11, owns an average of eight BARBIE dolls. Mattel has sold more than one billion BARBIE dolls worldwide since 1959.

12. Mattel also has marketed and sold, and

continues to market and sell, an extensive line of BARBIE clothing and BARBIE clothing accessories, BARBIE songs, BARBIE computer CD-ROM games, and other BARBIE products. Mattel exerts great efforts to preserve its image and identity and the image and identity of its BARBIE products.

      13. Mattel has caused certain trademarks to be registered in the United States Patent and Trademark Office on the Principal Register. These registered trademarks, hereinafter referred to collectively as the "BARBIE Trademarks," are valid and subsisting and include, for example:

| Registered Trademark | Registration Number | Type of Goods |
|---|---|---|
| BARBIE | 689,055 | Doll |
| BARBIE | 728,811 | equipment sold as a unit for playing a board type of game |
| BARBIE | 741,208 | accessories for doll clothes |
| BARBIE | 768,331 | doll case, record tote case, trunk, and wallet |
| BARBIE | 768,397 | doll clothes and doll accessories |

| BARBIE | 772,298 | time pieces, specifically wrist watches |
|---|---|---|
| BARBIE | 810,106 | toy furniture, specifically bed, wardrobe, chifforobe, vanity, and chest |
| BARBIE | 814,091 | vanity sets and dresser sets, comprising mirrors, brushes, combs, compacts, and lipstick cases, for use by children |
| BARBIE | 814,995 | series of books -- namely, autograph books, diaries, notebooks, and scrap-books; and a series of books and printed articles -- namely, dictionaries, storybooks, coloring books, activity books, painting books, novelty and toy books, printed cut-outs, printed punch-outs and printed puzzles |
| BARBIE | 816,601 | hand mirrors |
| BARBIE | 817,200 | plastic ware and tea sets, specifically plates, saucers, cups, pots, pitchers, and eating utensils for use by children in the consumption of food and drink |
| BARBIE | 1,000,125 | Halloween costumes and masks |

| | | |
|---|---|---|
| BARBIE | 1,041,587 | toilet soap, bubble bath, bath beads, moisturizing lotion, cologne and hair shampoo |
| BARBIE | 1,300,766 | toy vehicles |
| BARBIE | 1,693,139 | jackets, sweatshirts, T-shirts, jeans, and skirts |
| BARBIE | 1,769,285 | facial tissues and stickers for fingernails |
| BARBIE | 1,773,571 | jewelry; namely, earrings, bracelets, necklaces, and charms |
| BARBIE | 1,775,637 | cosmetics for use by little girls; namely, eye shadow, lipstick, lip gloss, perfume, cologne, nail polish, blush, emery boards, and cosmetic sponges |
| BARBIE | 1,795,876 | purses and cosmetic cases |

14. Continuously since at least 1959, Mattel has expended a great deal of time, effort, and money in the promotion of the BARBIE Trademarks in connection with its products. Through extensive advertising, both nationally and worldwide, the BARBIE Trademarks have become famous throughout the United States and the world in connection

with Mattel's BARBIE products.

15. Licensing revenues represent a sizeable part of the BARBIE line revenues. BARBIE product licensing includes such items as apparel and accessories, home furnishings and housewares, publishing and stationery, sporting goods, toys, games, electronics, and other consumer products.

16. Because of Mattel's extensive promotional activities involving the BARBIE Trademarks, and as a consequence of Mattel's fair and honorable dealings with its customers, the consuming public has come to recognize products bearing the BARBIE Trademarks as being connected with or offered by Mattel and its official licensees.

### Defendants' Conduct

17. Without Mattel's permission or consent, Global registered the second level Internet domain name chinabarbie.com.

18. Global posted a pornographic web site at the URL www.chinabarbie.com. Global sold memberships to this site to customers in various parts of the world, including in this District.

19. Global has used the BARBIE Trademarks with the intent to trade on the enormous goodwill Mattel has earned in its BARBIE products, and to enhance the

8

commercial value of its own products and services. Global has damaged the reputation, business and goodwill of Mattel. Unless enjoined, Mattel is informed and believes that Global may continue such conduct to the immediate and impending, irreparable injury of Mattel.

### FIRST CLAIM FOR RELIEF

(Anticybersquatting -- 15 U.S.C. § 1125(d))

20. Mattel repeats the allegations contained in Paragraphs 1 through 19 above as if set forth in full.

21. Global registered the Internet domain name chinabarbie.com. This domain name is "confusingly similar" to and "dilutive of" the BARBIE Trademarks.

22. Global registered and used the domain name chinabarbie.com in a bad faith attempt to profit from Mattel's BARBIE Trademarks.

23. Global has violated the Anticybersquatting Consumer Protection Act of 1999, 15 U.S.C. § 1125(d).

24. Mattel is therefore entitled to an order transferring the domain name registration to Mattel, and statutory damages from Global pursuant to 15 U.S.C. § 1117(d) in an amount between $1,000 and $100,000, as the Court considers just.

### SECOND CLAIM FOR RELIEF
(Trademark Dilution -- 15 U.S.C. § 1125(c))

25. Mattel repeats the allegations contained in

Paragraphs 1 through 24 above as if set forth in full.

26. Mattel has used its BARBIE Trademarks in interstate commerce for decades to identify its BARBIE products.

27. By virtue of Mattel's long and continuous use of the BARBIE Trademarks in interstate commerce, the BARBIE Trademarks have become and continue to be "famous" within the meaning of 15 U.S.C. § 1125(c).

28. Upon information and belief, by using the Internet domain name chinabarbie.com and the mark China Barbie, Global has diluted, and will continue to dilute, the distinctive quality of Mattel's BARBIE Trademarks by lessening their capacity to identify Mattel's BARBIE products in violation of the Federal Anti-Dilution Act, 15 U.S.C. § 1125(c).

29. Global's acts complained of herein have damaged and may continue to damage Mattel irreparably. Mattel has no adequate remedy at law for these wrongs and injuries. The damage to Mattel includes harm to its good will and reputation in the marketplace for which money cannot compensate. Mattel is, therefore, entitled to a preliminary and permanent injunction restraining and enjoining Global and its agents, servants, and employees, and all persons acting in concert with them, from using the BARBIE Trademarks or any colorable imitation or variation

thereof.

30. Because Global has willfully intended to cause dilution of the BARBIE Trademarks, Mattel is entitled to a monetary recovery, including (1) Global's profits, trebled, (2) Mattel's damages, (3) the costs of the suit, and (4) reasonable attorneys' fees.

THIRD CLAIM FOR RELIEF
(Trademark Infringement -- 15 U.S.C. § 1114(a))

31. Mattel repeats the allegations contained in Paragraphs 1 through 30 above as if set forth in full.

32. Mattel owns the BARBIE Trademarks, which are valid and enforceable.

33. Global's use of the BARBIE Trademarks in the domain name chinbarbie.com and the mark China Barbie has infringed the BARBIE Trademarks in violation of 15 U.S.C. § 1114(a).

34. Global's acts complained of herein have damaged and may continue to damage Mattel irreparably. Mattel has no adequate remedy at law for these wrongs and injuries. The damage to Mattel includes harm to its good will and reputation in the marketplace for which money cannot compensate. Mattel is, therefore, entitled to a preliminary and permanent injunction restraining and

enjoining Global and its agents, servants, and employees, and all persons acting in concert with them, from using the BARBIE Trademarks or any colorable imitation or variation thereof.

35.  Because Global has willfully intended to infringe the BARBIE Trademarks, Mattel is entitled to a monetary recovery, including (1) Global's profits, trebled, or (2) Mattel's damages, trebled.

## FOURTH CLAIM FOR RELIEF
(Common Law Unfair Competition)

36.  Mattel repeats the allegations contained in Paragraphs 1 through 35 above as if set forth in full.

37.  Global's acts complained of herein have damaged and may continue to damage Mattel irreparably. Mattel has no adequate remedy at law for these wrongs and injuries. The damage to Mattel includes harm to its good will and reputation in the marketplace for which money cannot compensate. Mattel is, therefore, entitled to a preliminary and permanent injunction restraining and enjoining Global and its agents, servants, and employees, and all persons acting in concert with them, from using the BARBIE Trademarks or any colorable imitation or variation

thereof and to restitution of Global's ill-gotten gains.

WHEREFORE, Mattel demands judgment:

A. Preliminarily and permanently enjoining Global, its agents, servants and employees, and all those acting in concert with them, from cybersquatting with respect to the BARBIE Trademarks in violation of 15 U.S.C. § 1125(d); diluting the BARBIE Trademarks in violation of 15 U.S.C. § 1125(c); and infringing the BARBIE Trademarks in violation of 15 U.S.C. § 1114(a);

B. Compelling Global to transfer the above Internet domain name to Mattel;

C. Awarding Mattel its damages and/or Global's profits from his knowing and willful infringement and/or dilution of the BARBIE Trademarks;

D. Awarding Mattel treble damages or profits;

E. Awarding Mattel statutory damages based upon Global's use of and trafficking in, of the Internet domain name chinabarbie.com;

F. Awarding Mattel punitive damages in an amount to be determined by the trier of fact in this action;

G.   Awarding Mattel its costs of this action including its reasonable attorneys' fees; and

H.   Granting such other and further relief as to this Court seems just and proper.

Dated:  New York, New York
        August 20, 2007

                                DUNNEGAN LLC

                                By *William Dunnegan* (signature)
                                William Dunnegan (WD9316)
                                Megan L. Martin (MM4396)
                              Attorneys for Plaintiff
                                Mattel, Inc.
                              350 Fifth Avenue
                              New York, New York 10118
                              (212) 332-8300