```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------x
MATTEL, INC.,                   :

                    Plaintiff, :

         - against -            :    07 Civ. 7418(SAS)
                                     ECF CASE
GLOBAL CHINA NETWORKS, LLC      :
AND TERRI GIBSON A/K/A TEARABUE
S. GIBSON A/K/A TEARANIE        :
SHARAIL GIBSON,
                                :
                    Defendants.
                                :
-------------------------------x
```

Schendlin, J

10/23/07

DEFAULT JUDGMENT

This action having been commenced on August 21, 2007, by the filing of a summons and complaint and a copy of the summons and complaint having been served in accordance with Rule 4 of the Federal Rules of Civil Procedure on Global China Networks, LLC and Terri Gibson a/k/a Tearabue S. Gibson a/k/a Tearanie Sharail Gibson and proof of such service having been duly filed with the Court, and it further appearing that the defendants have not responded to the complaint, and the time for doing so having expired;

Now upon the motion of Dunnegan LLC, attorneys for plaintiffs, it is hereby

ORDERED, ADJUDGED AND DECREED:

(a)   That defendants Global China Networks, LLC and Terri Gibson a/k/a Tearabue S. Gibson a/k/a Tearanie Sharail Gibson, their servants, employees and attorneys and those persons in active concert with them who receive actual knowledge of this order by personal service or otherwise be, and hereby are, enjoined from cybersquatting upon, infringing or diluting Mattel's registered trademarks numbered 689,055, 728,811, 741,208, 768,331, 768,397, 772,298, 810,106, 814,091, 814,995, 816,601, 817,200, 1,000,125, 1,041,587, 1,300,766, 1,693,139, 1,769,285, 1,773,571, 1,775,637 and 1,795,876 for the mart BARBIE in violation of 15 U.S.C. §§ 1125 (c) and (d) and 15 U.S.C. § 1114(a); and

(b)   That defendants, and the registrar of the Internet domain name chinabarbie.com, shall forthwith transfer the Internet domain name chinabarbie.com to Mattel, Inc.

Dated: New York, New York
       October 23, 2007

_____
U.S.D.J.

2

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -x

MATTEL, INC.,                         :

                 Plaintiff,           :

     - against -                      :    07 Civ. 7418(SAS)
                                           ECF CASE
GLOBAL CHINA NETWORKS, LLC            :
AND TERRI GIBSON A/K/A TEARABUE
S. GIBSON A/K/A TEARANIE              :
SHARAIL GIBSON,
                                      :
                 Defendants.
                                      :
- - - - - - - - - - - - - - - - - - -x
```

DECLARATION OF WILLIAM DUNNEGAN IN SUPPORT OF
OF PLAINTIFF'S APPLICATION FOR A DEFAULT JUDGMENT

WILLIAM DUNNEGAN hereby declares pursuant to 28 U.S.C. § 1746 that the following is true and correct:

1. I am a member of the bar of this Court and the firm of Dunnegan LLC, attorneys for plaintiff Mattel, Inc. ("Mattel") in this action.

2. I am making this declaration pursuant to Rule 55.1 of the Civil Rules of this Court and Rule 55(b)(2) of the Federal Rules of Civil Procedure in support of Mattel's application for entry of a default judgment against defendants Global China Networks, LLC and Terri Gibson a/k/a Tearabue S. Gibson a/k/a Tearanie Sharail Gibson (collectively, "Global China").

Entry of a Default Judgment

3. This is an action for injunctive relief for cybersquatting in violation of 15 U.S.C. § 1125(d), trademark infringement in violation of 15 U.S.C. § 1114(a) and trademark dilution in violation of 15 U.S.C. § 11125 (c).

4. This Court has subject matter jurisdiction in this action based upon 28 U.S.C. § 1331.

5. This Court has personal jurisdiction over defendants Global China has sold subscriptions to its pornographic website to customers in this District and because defendant Terri Gibson resides in this State, according to her posting at www.myspace.com/chinabarbie.com.

6. Upon information and belief, Global China is not an infant, in the military service of the United States, or an incompetent person.

7. Mattel commenced this action on August 21, 2007, by filing a summons and complaint. A copy of the summons and complaint is annexed as Exhibit A. Mattel served the summons and complaint on Global China on August 23, 2007, pursuant to Rule 4 of the Federal Rules of Civil Procedure. Mattel filed proof of service with the Clerk of the Court on September 26, 2007. A copy of the proof of service is annexed as Exhibit B.

8. Global China has not answered the complaint.

2

9. A proposed Certificate of Default to be signed by the Clerk of the Court is annexed as Exhibit D.

Transfer of the Domain Name Chinabarbie.com

10. On an application for a default judgment, the Court should presume as true the well-pleaded allegations in the complaint, except as to damages. Au Bon Pain v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981).

11. As set forth in paragraph 13 of the complaint, Mattel owns numerous trademark registrations for BARBIE.

12. As set forth in paragraphs 17 and 18 of the complaint, Global China registered the second level domain name chinabarbie.com and posted a pornographic website at the URL www.chinabarbie.com. Global sold memberships to this site to customers in various parts of the world, including this District.

13. The domain name chinabarbie.com is confusingly similar to and dilutive of the Mattel's BARBIE trademarks.

14. Because Global China's registration and use of the domain name chinabarbie.com constitutes a bad faith attempt to profit from Mattel's BARBIE trademarks, Mattel is entitled to an order transferring ownership of that domain name to Mattel pursuant to 15 U.S.C. § 1125(d).

3

   I declare under penalty of perjury that the foregoing is true and correct.

   Executed this 2nd day of October, 2007.

              _____
               William Dunnegan